IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DUSTIN M. GRAMMER**,

    **Petitioner,**

v.

    Civil No.: 3:19-CV-57
    (GROH)

**RUSSELL A. PERDUE, Warden,**

    **Respondent.**

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

On April 18, 2019, the *pro se* Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF. No. 1.[1] Petitioner is a federal inmate housed at FCI Gilmer who is challenging the validity of his sentence imposed in the United States District Court for the Central District of Illinois (Peoria). ECF No. 1 – 2, at 1-2. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

**II.   FACTUAL AND PROCEDURAL HISTORY**

    **A. Conviction and Sentence**[2]

---

[1] All CM/ECF references refer to entries in the docket of Civil Action No. 3:19-CV-57, Northern District of West Virginia, Martinsburg Division, unless otherwise noted.

[2] All CM/ECF references in Section II.A. refer to entries in the docket of Criminal Action No. 1:12-CR-10015-, Central District of Illinois, Peoria Division.

1

On January 19, 2012, a grand jury indicted Petitioner and charged him[3] with one count of Conspiracy to Manufacture and Distribute Methamphetamine, in violation of U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  ECF No. 1.  On March 9, 2012, the Government filed an information of prior convictions and advised it would seek an enhancement of Petitioner's sentence , based on his prior felony drug convictions: (1) Possession of Anhydrous Ammonia in Unauthorized Container in Fulton County case number 11-CF-197 on 08/20/2011; (2) Possession of Methamphetamine Precursors in Adams County case number 07-CF-401 on 10/29/2007; (3) Possession of 15<500 grams of Methamphetamine in Peoria County case number 02-CF-489 on 12/18/2002.  ECF No. 46 at 1.

On August 4, 2012, Petitioner pled guilty to one count of Conspiracy to Manufacture and Distribute Methamphetamine, in violation of U.S.C. §§ 841(a)(1) and 841(b)(1)(A). ECF Nos 70, and August 14, 2012 minute entry order.  On December 3, 2012,[4] Petitioner was sentenced to life in prison and ten years of supervised release. ECF No. 119  at 2 – 3.

On July 28, 2015,[5] Petitioner's sentence was amended for changed circumstances pursuant to Fed. R. Crim. P. 35(b) to 236 months imprisonment and ten years of supervised release. ECF No. 160, at 1 - 3.  On August 10, 2015, Petitioner filed a motion for appointment of counsel to further reduce his sentence under U.S.S.G. Amendment 782.  ECF No. 166. On February 3, 2016,

---

[3] Six co-defendants were charged in the same indictment.
[4] The judgment was imposed on December 3, 2012, but not signed by the judge or entered by the Clerk until December 5, 2012.
[5] The judgment was imposed on July 28, 2015, but not signed by the judge or entered by the Clerk until July 29, 2015.

Petitioner's sentence was further reduced from 236 to 171 months imprisonment. ECF No. 202, at 1.

### B. Post-Conviction Motion to Vacate Under 28 U.S.C. § 2255[6]

On June 20, 2016, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 1. Petitioner asserted four grounds for relief: (1) that his sentence enhancement under Guideline § 4B1.1 was void [ECF No. 1 at 4]; (2) that his enhancement under Guideline § 4B1.1 improperly used precedent which is invalid under the residual clause [Id. at 5]; (3) that the holdings of Johnson v. United States, 135 S. Ct. 2251 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016), invalidate his career offender enhancement under the residual clause [Id. at 7]; and (4) that he was illegally sentenced as a career offender [Id. at 8].

On October 17, 2016, the Court entered at 13-page opinion and order which denied Petitioner's motion to vacate. ECF No. 7. On October 18, 2016, the Court entered a judgment which denied the motion. ECF No. 8. In its opinion and order, the court gave two separate reasons for denying the motion: (1) that by signing a plea agreement, Petitioner had waived his right to collateral attack, and (2) that Petitioner's two prior convictions were considered "crimes of violence' under the force clause, which is distinct from the residual clause." ECF No. 7 at 5. Thus, the court found that Johnson and Welch did not apply to Petitioner as those cases addressed convictions under residual clauses, not convictions under force clauses.

---

[6] All CM/ECF references in Section II.B. refer to 1:16-CV-01225 in the Central District of Illinois unless noted otherwise.

Id. at 7.

### C. Instant § 2241 Claims of Petitioner

In support of his § 2241 petition before this Court, Petitioner states one ground for relief, that his two prior convictions do not qualify him as a career offender, requiring resentencing without the career offender enhancement. ECF No. 1 at 5. For relief, Petitioner requests his sentence be vacated and he be resentenced without the career offender enhancement, or in the alternative he requests an evidentiary hearing to prove his asserted grounds for relief. Id. at 8.

### III. Legal Standards

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section § Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. *Pro Se* Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss

4

a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## IV. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type

---

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

5

of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[9] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[10] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is

---

[9] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[10] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

challenging the legality of his *conviction* or the legality of his *sentence*.  See In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000); United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018).  When a petitioner is challenging the legality of his *conviction*, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his *sentence*, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

...

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

Petitioner's sole ground for relief is that he was misclassified as a career offender under the post-Booker,[11] advisory Guidelines. ECF No. 1.[12]  Because Petitioner's direct appeal rights have expired and Petitioner has already filed one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.  Because Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging

---

[11] United States v. Booker, 543 U.S. 220 (2005).

[12] The undersigned notes that Petitioner nominally asserts a challenge to his conviction in his petition. ECF No. 1, at 1.  After careful review of the petition, the undersigned concludes that the heart of Petitioner's challenge is to the legality of his sentence, not his conviction.  However, to the extent Petitioner is challenging his conviction, even if Petitioner meets the first and third prongs of the Jones test, he does not meet the second prong of the Jones test because the federal crime for which he pled guilty—one count of conspiracy to manufacture and distribute methamphetamine in violation of U.S.C. §§ 841(a)(1) and 841(b)(1)(A)—remains a criminal offense.  Accordingly, to the extent Petitioner raises a challenge to the validity of his conviction, he fails to satisfy the § 2255(e) savings clause for the Court to hear any such challenge to his conviction on the merits.

his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[14] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is because post-Booker, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion,

---

[14] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

9

the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

Because Petitioner in this case was sentenced as a career offender under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause. Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages,

including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 19, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE