IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DUSTIN M. GRAMMER,

   Petitioner,

v.           Civil No. 3:19-CV-57
              (GROH)

RUSSELL A. PERDUE, Warden,

   Respondent.

FILED
SEP 16 2020
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

## OBJECTIONS TO REPORT AND RECOMMENDATION

COMES Petitioner, DUSTIN M. GRAMMER ("Grammer"), appearing *pro se*, and timely filed his Objections to Report and Recommendation ("R & R") [ECF. No. 11] of the United States Magistrate Judge, and would show as follows:

## PRELIMINARY STATEMENT

As a preliminary matter, Grammer respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Wilson*, 699 F.3d 789 (4th Cir. 2012) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

## OBJECTIONS

The R & R is divided into five (5) main sections: (I) Introduction; (II) Factual and Procedural History; (III) Legal Standards; (IV) Analysis; and (V) Recommendation. See ECF. No. 11 at pp. 1-11. Grammer will object sequentially to each main section as follows:

### I. Introduction

The introduction to the R & R merely states that Grammer filed his habeas petition on April 19, 2019, that he is incarcerated at FCI Gilmer, he is challenging the validity of his sentence imposed in the United States District Court for the Central District of Illinois (Peoria), and that the petition is now pending before the court. See ECF. No. 11 at p. 1. Grammer does not take exception or object to this main section.

### II. Factual and Procedural History

This section of the R & R is also divided into three (3) subsections: (A) Conviction and Sentence; (B) Post-Conviction Motion to Vacate Under 28 U.S.C. § 2255; and (C) Instant § 2241 Claims of Petitioner.

#### A. Conviction and Sentence

This subsection gives a fair and accurate rendition of Grammer's conviction and sentence and previous sentence reductions. See ECF. No. 11 at pp. 1-2. Grammer does not take exception or object to this main section.

B.  Post-Conviction Motion to Vacate Under 28 U.S.C. § 2255

This subsection gives an accurate accounting of the § 2255 Motion and its resolution in the United States District Court for the Central District of Illinois (Peoria). See ECF. No. 11 at p. 3. Grammer does not take exception or object to this main section.

C.  Instant § 2241 Claims of Petitioner

This subsection accurately states the ground raised in Grammer's current § 2241 Petition now pending in this Court. See ECF. No. 11 at p. 4. Grammer does not take exception or object to this main section.

III.  **Legal Standards**

This main section of the R & R is also divided into two subsections: (A) Reviews of Petitions for Relief; and (B) *Pro Se* Litigants.

A.  Reviews of Petitions for Relief

This subsection states the Magistrate Court's authority to review § 2241 petitions and submit findings and recommendations to the District Court. See ECF. No. 11 at p. 4. Grammer does not take exception or object to this subsection.

B.  *Pro Se* Litigants

This subsection restates that Courts must review *pro se* pleadings liberally and hold them "to less stringent standards than formal pleadings drafted by lawyers."

Citation omitted. See ECF. No. 11 at pp. 4-5. Grammer does not take exception or object to this subsection.

### IV. Analysis

The section of the R & R first gives a correct analysis of the difference between a § 2255 Motion and a § 2241 Petition and the application of the "savings clause" as defined in the Fourth Circuit under e *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) and *United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018). See ECF. No. 11 at pp. 5-8. Grammer does not object to this part of the R & R's analysis.

The R & R correctly states that:

> Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the *Jones* test (**if challenging the legality of his conviction**) or the *Wheeler* test (**if challenging the legality of his sentence**) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See *Wheeler*, 886 F.3d at 423–26. (Emphasis added).

See ECF. No. 11 at p. 8.

Based on the above and according to the R & R, Grammer's § 2241 sentencing claim must be based on the *Wheeler* test. The R & R further claims that:

> In this case, even if [Grammer] meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.

See ECF. No. 11 at p. 9.

In essence, the R & R concedes to the first three (3) prongs of the *Wheeler* test. Grammer objects to the R & R's claim that he cannot meet the fourth prong of the *Wheeler* test.

Contrary to this conclusion of the R & R, persuasive Sixth and Seventh circuit precedent holds that savings clause jurisdiction encompasses innocence of a mandatory career offender enhancement that has been rendered invalid by intervening, retroactive Supreme Court precedent. See *Hill v. Masters*, 836 F.3d 591, 594-95 (6th Cir. 2016), wherein the government conceded that *Descamps* was retroactive. See also, *Holt v. United States,* 843 F.3d 720 (7th Cir. 2016), wherein the Court held that substantive decisions such as *Mathis* presumptively apply retroactively on collateral review. See, e.g., *Montgomery v. Louisiana* , 136 S.Ct. 718 (2016); *Schriro v. Summerlin,* 542 U.S. 348 (2004); and *Davis v. United States* , 417 U.S. 333 (1974).

Based on these precedent decisions, Grammer can easily meet the fourth prong of the *Wheeler* test in light of *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Descamps v. United States*, 133 S.Ct. 2276 (2013).

In this case, Grammer was sentenced as a career offender because before he was convicted in federal court of his present offense, he allegedly had at least two prior felony convictions. In his § 2241 Petition, Grammer contested that he had at

least two prior felony convictions of either a "crime of violence" or a "controlled substance offense", as enumerated below:

    (1)    February 24, 1999: Domestic Battery in Tazewell County Circuit Court, Perkin, Illinois, Case No. 98-CF-639; and

    (2)    December 19, 2005: Domestic Battery in Tazewell County Circuit Court, Perkin, Illinois, Case No. 05-CF-762.

As previously shown in his § 2241 Memorandum of Law, domestic battery conviction cannot qualify as a "crime of violence" or "violent felony" because, under the reasoning of *Johnson* and *Dimaya* that clause is void for vagueness under the Due Process Clause of the Fifth Amendment. See ECF. No. 1 at pp. 6-10.

Without Grammer's career offender enhancement, his Base Offense Level would have been 24 (after the implementation of Amendment 782), he received an increase of 4-levels for his role, and a reduction of 3-levels for acceptance of responsibility, establishing a Total Offense Level of 25, and a Criminal History Category of VI, yielding an advisory Guidelines range of 110 to 137 months' imprisonment, a significantly less harsh imprisonment range. As such, Grammer's increase in the calculation of his sentencing range based on the career offender enhancement, yielded a longer sentence resulting in a fundamental defect and miscarriage of justice.

## V. Recommendation

In this section of the R & R, the Court recommends that the petition [ECF No. 1] be denied and dismissed without prejudice. See ECF. No. 11 at p. 10.

For the above and foregoing objections, and the reasons originally stated in his § 2241 Petition, Grammer strenuously Objects to the recommendation of the R & R. He further states that for those reasons that his sentence should be vacated for resentencing without the career offender enhancement. In the alternative, an evidentiary hearing should be held so that Grammer may further prove his meritorious ground for relief, resolve any disputed facts, and expand an incomplete record.

Respectfully submitted,

Dated: September 14, 2020

DUSTIN M. GRAMMER
REG. NO. 17892-026
FCI GILMER
FEDERAL CORR. INSTITUTION
P.O. BOX 6000
GLENVILLE, WV 26351